UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20081-CR-ALTMAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

GREGRICO TENEJO GOODMAN,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter came before the Court following an Order of Reference to conduct a change of plea hearing for the Defendant, Gregrico Tenejo Goodman. ECF No. 16. The Court conducted a change of plea hearing on this date, August 22, 2024, and, for the following reasons, it is recommended that the Defendant's plea of guilty be accepted:

1.    At the outset of the change of plea hearing, the Defendant was advised that this Court was conducting the change of plea hearing on an Order of Reference from the District Court. The Defendant was further advised of his right to have these proceedings conducted by Judge Altman, the District Court Judge assigned to the case. The Court additionally advised the Defendant that Judge Altman would be the judge sentencing the Defendant and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2.    The Defendant was made aware that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney, and the Assistant United States Attorney appearing for the government all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court conducted a plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure.

4. The parties entered into a written plea agreement, which they had with them at the hearing and which was thereafter filed with the Court. ECF No. 28. The Court reviewed that plea agreement on the record, and the Defendant acknowledged that he read and understood the agreement, signed it, and agreed to its terms. The Defendant pled guilty to the crimes of conspiracy to encourage and induce aliens to enter the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I), as charged in Count 1 of the indictment, and encouraging and inducing an alien to enter the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv), as charged in Count 2 of the indictment.

5. The parties also agreed to a written factual proffer, and that document was with them at the hearing and was later filed with the Court. ECF No. 29. The Defendant said that he had read that factual proffer and agreed that it was accurate, and he confirmed that he signed the document. The government stated on the record a factual basis for the entry of the plea that included all the essential elements of the offenses to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable. The Court reviewed the government's factual proffer with the Defendant to assure that a factual basis existed for the entry of the plea. The Defendant acknowledged his participation in the offenses and confirmed the accuracy of the factual proffer. The Court also advised the Defendant of the possible maximum penalties,* and the Defendant acknowledged that he understood these possible penalties and consequences, including the potential immigration and removal consequences.

---

* Although paragraph 4 of the plea agreement reported the maximum penalties if the sentences for Counts 1 and 2 were concurrent, *see* ECF No. 28 at ¶ 4, the Court advised the Defendant of the maximum penalties applicable to *each* of those counts and explained that the maximum penalties for each count could potentially be added up and made consecutive to each other, such that the total maximum penalties were the sum of the penalties for Counts 1 and 2 and thus higher than what was described in the plea agreement. The Defendant acknowledged that he understood.

6.	Based upon all the foregoing and the plea colloquy conducted by this Court, this Court found that the Defendant was competent and capable of entering an informed plea, that he freely, knowingly, and voluntarily entered his guilty plea, and that the plea was supported by an independent basis in fact containing each of the essential elements of the offenses.  It is therefore recommended that the Defendant be found to have freely and voluntarily entered his guilty plea as more particularly described herein and that the Defendant be adjudicated guilty of the offenses charged in Counts 1 and 2 of the indictment.

7.	A pre-sentence investigation report is being prepared.  The parties were also informed that Judge Altman will set the sentencing hearing by separate Order.

ACCORDINGLY, this Court **RECOMMENDS** that the Defendant's plea of guilty be accepted; that the Defendant be adjudicated guilty as to the offenses charged in Counts 1 and 2 of the indictment, to which he has entered his plea of guilty; and that a sentencing hearing be conducted for final disposition of this matter.

As discussed with the parties at the change of plea hearing, the parties shall have **four (4) days, that is, until Monday, August 26, 2024,** within which to file objections, if any, with the Honorable Roy K. Altman, United States District Judge.  Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard).  See Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 22nd day of August 2024.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Roy K. Altman
      Counsel of record